IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MAMAKA PETTIFORD, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-0014-CV-W-DW |
| DANELLE SOUSLEY, et al., | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendants State Farm Fire & Casualty Company and State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Doc. 63). Defendant Sousley filed Suggestions in Opposition (Doc. 67) and Movants filed Reply Suggestions (Doc. 69). Neither Plaintiff Mamaka Pettiford nor Defendant D'On Walker filed any response to the pending motion.

While this motion was pending before the Court, Plaintiff's Counsel, Donald McClean, filed a Motion to Dismiss Case Without Prejudice (Doc. 80) on the grounds that he has recently had an unexpected medical emergency that resulted in an extended hospital stay and prohibition from work. Mr. McClean's absence required his partner, and co-counsel in this case, Benjamin Kieler, to terminate operation of their law firm. Plaintiff has agreed to the transfer of her case to alternate counsel, but all potential new counsel stated that they would require the opportunity to develop the case anew. The Court believes these unfortunate and unexpected circumstances warrant granting counsel's motion, but does not preclude a ruling on the pending summary judgment motion. The summary judgment motion is ripe because Plaintiff's counsels'

circumstances did not impact their ability to respond to the pending summary judgment motion. Furthermore, any subsequent litigation of this matter, even with new counsel, will involve the exact issues presented to the Court in the instant summary judgment motion. Resolving these issues now serves the interests of judicial efficiency by preventing unnecessary relitigation. Accordingly, the Court will rule on both pending motions herein.

I.     BACKGROUND

This action arises from an automobile accident. Plaintiff was a passenger in a vehicle driven by Defendant Danelle Sousley. On December 31, 2004, Sousley was attempting to exit a private driveway by making a left turn to travel westbound on 24 Highway. At this particular location, 24 Highway has five separate lanes of traffic–two lanes heading east and two lanes heading west divided by a middle turning lane. The record indicates that an unknown motorist stopped in the outside eastbound lane of 24 Highway and motioned for Sousley to make her turn. Defendant Walker was driving in the inside eastbound lane of 24 Highway and struck Sousley's vehicle when it crossed the inside eastbound lane.

Count I alleges negligence against Defendant Danelle Sousley. Count II alleges negligence against Defendant D'On M. Walker. Count III alleges an uninsured motorist claim against State Farm Mutual Auto Insurance Company on Policy # 29-5645-C03-25A issued to Defendant Sousley based on the negligence of the unknown motorist that allegedly motioned to Sousley. Count IV alleges an uninsured motorist claim against State Farm Fire & Casualty Company on Policy #20-8315-D13-16E issued to Plaintiff Mamaka Pettiford based on the negligence of the unknown motorist that allegedly motioned to Sousley. Count V alleges an underinsured motorist claim against State Farm Fire & Casualty Company on Policy #20-8315-

D13-16E issued to Plaintiff Mamaka Pettiford.

The pending motion seeks summary judgment on the uninsured motorist claims based on the conduct of the unknown motorist—Counts III and IV.

II.     STANDARD OF DECISION

Summary judgment is appropriate if there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 850 (8th Cir. 2005); Fed. R. Civ. P. 56(c). "The burden of demonstrating that there are no genuine issues of material fact rests on the moving party."  Winthrop Resources Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 468 (8th Cir. 2004). The Court reviews the evidence and draws reasonable inferences in the light most favorable to the non-moving party. See Horn v. Univ. of Minn., 362 F.3d 1042, 1045 (8th Cir. 2004).

This Court has jurisdiction over this case based on diversity and must apply the substantive law of the forum state in which it sits—Missouri. See Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002).

III.    DISCUSSION

Under Missouri law, the right of an injured party to recover from an uninsured motorist carrier arises from the insurance contract, rather than in tort. But, the determination of whether the uninsured motorist carrier will be obligated to pay money damages to the insured depends on whether the alleged uninsured motorist is liable in tort to the injured party. Oates v. Safeco Ins. Co. of America, 583 S.W.2d 713, 715 (Mo. 1979).

In order to establish that the unknown motorist is "legally liable to the insured," Plaintiff must prove that the unknown motorist had a duty to protect her from injury, that the unknown

3

motorist breached that duty, and that the unknown motorist's breach was the proximate cause of the Plaintiff's injuries. Silva v. Const. & Abatement Serv., Inc., 238 S.W.3d 679, 681 (Mo. Ct. App. 2007). To establish causation, a plaintiff must demonstrate that a defendant's conduct was both the cause-in-fact and the proximate, or legal, cause of the injury. Wright v. Barr, 62 S.W.3d 509, 524 (Mo. Ct. App. 2001). Proximate cause is a question of law for the trial court. Townsend v. Eastern Chemical Waste Systems, 234 S.W.3d 452, 466 (Mo. Ct. App. 2007).

After review of the cited Missouri authorities, the Court finds that the Missouri Supreme Court's decision in Horton v. Swift controls. 415 S.W.2d 801 (1967). The rule adopted in Horton states that

> Where a second actor has or should have become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause.

Id. at 803.

In Horton, the Missouri Supreme Court found that a beckoning gesture by taxicab driver was not the proximate cause of injuries suffered by the plaintiff when she crossed a roadway, opened the cab door in traffic and was subsequently injured when a truck struck her hand. Instead, Plaintiff's injury was caused by her act in opening the door so close to the truck and the movement of the truck at that time.

Here, like Horton, the unknown motorist's gesture to Sousley to enter the roadway was not the proximate cause of the accident, but instead the accident was caused by Sousley's subsequent act of entering the inside eastbound lane of traffic in which Defendant Walker was

4

traveling. The record indicates that Sousley was aware of the need to keep a lookout for traffic in all lanes of 24 Highway. In light of this awareness, the unknown motorist's gesture was "merely a circumstance of the accident" and not the proximate cause thereof.

Defendant Sousley's reliance on Miller v. Watkins is unavailing. 355 S.W.2d 1 (Mo. 1962). First, Miller is factually distinguishable: it involved a school bus driver who motioned for a truck to pass while waiting to pick up a minor child who lived on the opposite side of the street. The truck proceeded to pass the bus and hit the minor child as he crossed the street. The Miller court found that the bus driver had a duty to exercise the highest degree of care for the safety of others when voluntarily undertaking to signal the driver of another motor vehicle to pass. This finding was based on the uniquely foreseeable risk of injury to the minor child due to the school bus driver's special knowledge of the propensity of the boy to run into traffic. Second, the Horton court specifically discussed the Miller holding and limited it to the special factual circumstances of that case.

As in Horton, the unknown motorist here did not have any special knowledge regarding either Plaintiff or co-defendant Walker. Nor is there any evidence that the unknown motorist had any knowledge regarding Sousley's intent to cross both eastbound lanes of traffic. Therefore, because Plaintiff cannot establish that the unknown motorist was negligent, she cannot recover on the uninsured motorist claims as a matter of law. Accordingly, summary judgment in favor of Defendants State Farm Fire & Casualty Company and State Farm Mutual Automobile Insurance Company is warranted.

IV. CONCLUSION

The Court hereby ORDERS:

5

1) Defendants State Farm Fire & Casualty Company and State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Doc. 63) is GRANTED.

2) Judgment on Count III is entered in favor of State Farm Mutual Auto Insurance Company and against Mamaka Pettiford.

3) Judgment on Count IV is entered in favor of State Farm Fire & Casualty Company and against Mamaka Pettiford.

4) Plaintiff's Motion to Dismiss Without Prejudice (Doc. 80) is GRANTED as to the remaining Defendants.

5) The Clerk of the Court is directed to mark this case as closed and terminate any pending motions.

Date: August 5, 2008                             /s/ Dean Whipple
                                                 DeanWhipple
                                                 United States District Judge